IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHON QUEVEDO FLOWERS, | § | |
| #652860, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:10-CV-1126-K |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

This is a *pro se* petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254. Petitioner is currently confined at the Ferguson Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Midway, Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case, pending preliminary screening.

I.

On August 11, 1993, a jury convicted Petitioner of murder with a deadly weapon and punishment was assessed at life imprisonment. *See State v. Flowers*, No. F93-01568 (204th District Court, Dallas County). In this action, Petitioner does not challenge the validity of his underlying criminal conviction and sentence. Rather, he seeks to attack a prison disciplinary proceeding, case number 2010-0134116, which charged him with participating in a riot. (Pet. at 5). On January 20, 2010, Petitioner was found guilty of the charge and punishment was assessed as follows: forfeiture of 365 days of good-time

credits; demotion from state approved trustee S3 to Line class 1; recreation, cell and commissary restrictions for 45 days; reduction of custody status from G2 to G4; segregation for 90 days; and lock-down status from January 10 to March 29, 2010. (*Id.*).

In his petition for a writ of habeas corpus, Petitioner alleges a violation of his due process rights. Specifically, he contends that the decision of the disciplinary officer was not supported by some evidence in the record. Petitioner alleges that prior to filing this action, he exhausted his administrative remedies.

## II.

Petitioner timely filed this action within one-year from date on which he was found guilty of the disciplinary violation and learned of the loss of good time credits. *See Kimbrell v. Cockrell*, 311 F.3d 361 (5th Cir. 2002). Jurisdiction is proper in this court as well as in the Southern District of Texas, where Petitioner is presently confined. *See* 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000) (jurisdiction in prison disciplinary cases is proper in either the district where the prisoner is in custody or the district in which the state court convicted and sentenced him).

The petition is subject to summary dismissal pursuant to Rule 4, of the Rules Governing Section 2254 Proceedings. That Rule provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner is not entitled to habeas relief.  Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action results in a sanction that will impinge upon a liberty interest.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.").  In Texas, only sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision, or that otherwise directly and adversely affect release on mandatory supervision impinge upon a protected liberty interest, that is, a constitutional expectancy of early release.  *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

Petitioner is not eligible for release on mandatory supervision.  The mandatory supervision statute in effect in 1993, when he committed murder, provided that "[a] prisoner may not be released to mandatory supervision if the prisoner is serving a sentence for ... a first degree felony under Section 19.02, Penal Code (Murder)." Tex. Crim. Proc. art. 42.18 § 8(c)(1) (West 1993).  Texas revised statute also excepts from mandatory supervision individuals convicted of murder.  *See* Tex. Govt Code § 508.149(a)(2) (West 2010).  Because Petitioner is ineligible for mandatory-supervised release, the loss of good time credits in his disciplinary case does not implicate a

3

protected liberty interest. *See Kimbrell,* 311 F.3d at 362; *Malchi,* 211 F.3d at 956-58; *see also Sanders v. Smith,* 111 Fed. Appx. 752, 753 n. 1 (5th Cir. 2004) (unpublished per curiam); *Flemings v. Thaler*, 2009 WL 5033942, *2, 3:09-CV-1581-M (N.D. Tex. Dec. 23, 2009) (Lynn, J.) (accepting findings, conclusions and recommendation of the magistrate judge) (1989 murder conviction).

The same holds true with regard to Petitioner's lock-down status, reductions in custody and line-class status, as well as any cell, commissary and recreation restrictions. *See Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997) (commissary and cell restrictions do not impose a significant or atypical hardship on the inmate in relation to the ordinary incidents of prison life); *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995) (administrative segregation and reduction in line-class status do not implicate due process concerns). Likewise, any expectation for release on parole does not implicate a protected liberty interest. *See Madison*, 104 F.3d at 768 (holding that because it is entirely speculative whether a prisoner will be released on parole, there is no constitutional expectancy to parole in Texas).

III.

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus is summarily DISMISSED with prejudice pursuant to Rule 4, of the Rules Governing § 2254 proceedings.

IT IS FURTHER ORDERED, pursuant to Federal Rule of Appellate Procedure

22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), that a certificate of appealability is DENIED. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

In the event, the petitioner will file a notice of appeal, the court notes that

( **X**)  the petitioner will proceed *in forma pauperis* on appeal.

(  )  the petitioner will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED.

Signed this 25th day of June, 2010.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE